AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Cheslynn Rae Nevayaktewa | ) Case No. MJ-25-04190-PCT-CDB |
| *Defendant* | ) | |

## ELECTRONICALLY ISSUED ARREST WARRANT

To:   Any authorized law enforcement officer

The Court having determined that probable cause exists for the issuance of an arrest warrant,

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* **Cheslynn Rae Nevayaktewa**,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

The offenses are briefly described as follows:

**Count 1: 18 U.S.C. §§ 111(a)(1) and (b) – Assault on a Federal Officer.**

Date/time:   May 13, 2025 at 2:61 pm

*Issuing officer's signature*

City and state:   Flagstaff, Arizona

Camille D. Bibles, United States Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* __7-3-25__, and the person was arrested on *(date)* __7-3-25__ at *(city and state)* __Polacca, AZ__. <br> Date: __7-3-25__ <br> *allen anderson* <br> *Arresting officer's signature* <br><br> Allen Anderson / Special Agent <br> *Printed name and title* |

CC:   USM & PTS

AO 442 (Rev. 01/09) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:   **Cheslynn Rae Nevayaktewa**

Known aliases:   None listed

Last known residence:   56637 S 6th ST, Phoenix, AZ 85040

Prior addresses to which defendant/offender may still have ties:   No other known address.

Last known employment:   No known employment

Last known telephone numbers:   No phone

Place of birth:   Arizona

Date of birth:   1-23-1988

Social Security number:   Last four of, 8399

Height:   504                                    Weight:   165

Sex:   Female                                   Race:   Indian / Hopi

Hair:   BRO                                     Eyes:   BRO

Scars, tattoos, other distinguishing marks:

Did not see any listed in NCIC.

History of violence, weapons, drug use:   Background check shows past violence with Law Enforcement.
Tribal lists charges related to intoxication, Domestic Abuse and assault and battery.

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:   Not listed

Complete description of auto:   No known vehicle.

Investigative agency and address:   BIA, Special Agent Clifford R. Pool.   Cell: 928-812-0220

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

# UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | |
| *CHESLYNN RAE NEVAYAKTEWA* | CASE NUMBER: MJ-25-04190-PCT-CDB |

I, Clifford R. Pool, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### COUNT 1

On or about March 6, 2025, in the District of Arizona, the defendant, Cheslynn Nevayaktewa, did intentionally, knowingly, and recklessly forcibly assault, the victim, Officer W.B., a person designated under Title 18, United States Code, Section 1114 as a Special Agent for the Bureau of Indian Affairs at the time, while Officer B.W. was engaged in and on account of performance of official duties, and in doing so the defendant inflicted bodily injury.

In violation of Title 18, United States Code, Section 111(a)(1) and (b).).

I further state that I am a Special Agent with the Bureau of Indian Affairs, and that this Complaint is based on the following facts: **See attached Affidavit incorporated herein.**

Continued on an attachment sheet and made a part hereof: ☒ Yes ☐ No

REVIEWED BY: *AUSA Dimitra H. Sampson*

__X__ Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct.

| | |
|---|---|
| Clifford R. Pool, Special Agent, BIA | CLIFFORD POOL  Digitally signed by CLIFFORD POOL Date: 2025.05.13 13:43:47 -07'00' |
| Complainant's Name and Title | Complainant's Signature            Date |

__X__ Sworn by Telephone

| | |
|---|---|
| May 13, 2025 at 2:61 pm | Flagstaff, Arizona |
| Date/Time | City and State |
| Camille D. Bibles, U.S. Magistrate Judge | *[signature]* |
| Name & Title of Judicial Office | Signature of Judicial Officer |

**CC: USM & PTS**

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Clifford R. Pool, a Special Agent with the Bureau of Indian Affairs, being first duly sworn, hereby depose and state as follows:

### Agent Background

1.  Your affiant is a Special Agent (SA) of the Bureau of Indian Affairs (BIA), and is currently assigned to the Truxton Canon Agency, Arizona, District III. Your affiant has been employed as a BIA SA since January 2011 and has received training at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as training in the investigation of murder and other violent crimes. In the course of his official duties, your affiant is charged with the investigation of crimes occurring on (among other places) the Hopi Indian Reservation within the Federal District of Arizona.

2.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested Complaint and arrest warrant and does not set forth all my knowledge about this matter.

### Introduction

3.  On or about March 7, 2025, at approximately 4:00 p.m., your affiant received notification of a Resisting Arrest incident on the Hopi Indian Reservation, in Arizona.

4.  According to BIA Police, a female arrestee was being transported to the Navajo County Jail (Hopi Tribal contract facility) on or about March 6, 2025, at approximately 8:30 pm. During transport, the female subject, identified as Cheslynn Rae Nevayaktewa (Nevayaktewa), was able to free one hand from the hand restraints and

scratched the transporting officer, BIA Officer W.B., on the head. Officer W.B. stopped the car and placed her back in hand restraints again as she continued to resist arrest. Officer W.B. continued to transport Nevayaktewa to jail as she continued to try to free herself from the hand restraints. Officer W.B. took photos of a cut on his head and an abrasion on his right hand caused by Nevayaktewa. Officer W.B. was seen by Hopi Medical personnel.

### **Probable Cause**

5. On Thursday, March 6, 2025 at approximately 8:30 pm, BIA Police Officer W.B., a Federal Law Enforcement Officer, was on duty within the Hopi Indian Reservation, in Arizona, conducting patrol of the reservation in a fully marked patrol vehicle. He received a call for service from dispatch stating officer assistance was requested by Emergency Medical Services regarding an intoxicated female, who was later identified as Nevayaktewa, reportedly causing a disturbance and swinging her arms at people as they were trying to assess her head injury.

6. Officer W.B. drove towards the area and was later advised that Nevayaktewa was transported to the hospital. Officer W.B. arrived and entered the hospital and observed Nevayaktewa, who recognized Officer W.B as a law enforcement officer by saying in slurred speech, "Oh great, the Cops are here to take me to jail. I'm ready to go. Let's go."

7. Officer W.B. advised Nevayaktewa that she was being looked over by the medical staff and to not cause any trouble. Officer W.B. observed that Nevayaktewa had bloodshot and glossy eyes, and he could smell a strong odor of an intoxicating beverage emitting from her person. Officer W.B. observed that Nevayaktewa would sway back and forth while sitting still.

8. Based on Officer W.B.'s training and experience, he determined that Nevayaktewa was under the influence of an intoxicating beverage, which is a violation of Tribal Law. Nevayaktewa admitted to consuming an intoxicating beverage and admitted that she was recently arrested in December of 2024, which is a violation of her release conditions.

9. Officer W.B. advised Nevayatkewea that she was being placed under arrest for intoxication and disorderly conduct. Nevayatkewa was medically cleared for incarceration.

10. Officer W.B. escorted Nevayatkewa from the facility and secured her in the rear passenger seat of his patrol vehicle. Nevayatkewa was told of her charges and that she was being transported to Navajo County. On Highway 264 Nevayatkewa requested that Officer W.B. stop the vehicle stating she had to urinate.

11. Officer W.B. advised Nevayatkewa that he was not able to stop the vehicle once the transport started and Nevayatkewa became upset. As they continued, Officer W.B. could hear Nevayatkewa moving around in her seat and he felt her hand scratch the top of his head and grab the back of his vest while he was driving. Officer W.B. stopped the vehicle, activated his emergency lights, and notified dispatch that Nevayatkewa had slipped out of her handcuffs and grabbed the back of his vest. Officer W.B. turned on the interior lights, placed the vehicle in park and exited the patrol vehicle.

12. Officer W.B. observed in the rear passenger seat that Nevayatkewa was lying on her back and kicking at the door. Officer W.B. unholstered his department issued Taser and activated the laser. He opened the door and advised Nevayatkewa that she was going

3

to be tased. Officer W.B. observed that Nevayatkewa had one hand out of the handcuff, and she was able to use both hands.

13.  Officer W.B. holstered the Taser and Nevayatkewa lunged out of the rear seat as Officer W.B. tried to keep her contained in the patrol vehicle. Nevayatkewa squirmed out of Officer W.B.'s grasp, and Officer W.B. believed Nevayatkewa was attempting to escape.

14.  Officer W.B. held Nevayatkewa against the vehicle and she attempted to pull away and tried to run. Officer W.B. held onto her shirt and right arm as he conducted a leg sweep, which caused Nevayatkewa to go to the ground. Officer W.B. quickly straddled Nevayatkewa and pinned her arms across her chest and notified dispatch that Nevayatkewa was resisting arrest and trying to escape.

15.  Officer W.B. commanded Nevayatkewa to stop resisting and to place her hands behind her back. She refused and continued to actively resist arrest by holding onto her hand and grasping the handcuffs. Officer W.B. was able to pin Nevayatkewa's left arm with his right leg and gain physical control over her left arm.

16.  Officer W.B. was able to place the handcuffs back on Nevayatkewa and assist her to her feet. Officer W.B. physically secured Nevayatkewa in the rear passenger seat of the patrol vehicle. He continued the transport to Navajo County Jail. Nevayatkewa continued to move around in the rear passenger seat, and it appeared that she attempted to move the handcuffs from her back to the front, and was attempting to slip out of the handcuffs again.

17.    After Nevayatkewa was transported to the Navajo County Jail, Officer W.B. took a photograph with his department issued cellphone of the cut on his and abrasion on his right hand caused by Nevayatkewa. Officer W.B. was medically assessed by Hopi Hospital for his injuries.

### Conclusion

18.    Based on the aforementioned facts, I respectfully submit that there is probable cause to believe that Nevayatkewa committed Assault on a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

CLIFFORD POOL
Digitally signed by CLIFFORD POOL
Date: 2025.05.13 13:41:25 -07'00'

Clifford R Pool
Special Agent, Bureau of Indian Affairs

Subscribed and sworn telephonically before me this 13th day of May 2025. @ 2:61 pm.

HONORABLE CAMILLE D. BIBLES
United States Magistrate Judge